IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

WESLEY CARROLL, :

    Petitioner, :

v. : Civil Action No. WDQ-11-3005

SOCIAL SECURITY ADMINISTRATION, :
MICHELL HARMON, and
OFFICE OF PUBLIC INQUIRY, :

    Respondents. :

o0o

MEMORANDUM

For the following reasons, Respondents' Motion to Dismiss or for Summary Judgment will be granted. ECF No. 12. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011).

Background[1]

In September 2003, Wesley Carroll sent Freedom of Information Act ("FOIA") requests to Respondents "and others associated with them," seeking release of documents "of urgent importance" to the general public. ECF No. 1 at 1-2. Respondents did not provide any documents in response. Carroll "sent them many more letters," but never received a response compliant with FOIA. *Id.* at 2. Carroll states that he provided full copies of applicable laws and regulations, but Respondents still "refuse[d] to comply." *Id.* at 2. Carroll seeks injunctive and monetary relief. *Id.*

Respondents seek dismissal of the Complaint because Carroll has failed to establish that this Court has jurisdiction over the claim. Specifically, Respondents assert that "'a district court

---

[1] For the motion to dismiss, the well-pled allegations in Carroll's complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011). In reviewing the motion for summary judgment, Carroll's evidence "is to be believed, and all justifiable inferences are to be drawn in [his] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

lacks jurisdiction to devise remedies to force an agency to comply with FOIA's disclosure requirements'" absent proof of improper agency action. ECF No. 7 at 4, *quoting U.S. Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 142 (1989).

Carroll has filed several motions seeking default judgment, sanctions, and to strike Respondents' Motion to Dismiss or for Summary Judgment.[2] In addition, he has filed two documents purporting to reveal "newly discovered evidence." ECF Nos. 15 and 18. In essence, Carroll claims that mail has been improperly withheld from him by mail room officials at the federal prison where he was confined in Virginia.[3]

Standard of Review

The Court accepts as true the Complaint's well-pled allegations and construes all facts and reasonable inferences in the light most favorable to Carroll. *See Ibarra v. United States,* 120 F.3d 472, 474 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 561. To survive a motion

---

[2] *See* ECF Nos. 10, 13, 16, and 17. Carroll's motions are without merit and shall be denied.

[3] Carroll is currently confined in a facility located in Waymart, Pennsylvania. ECF No. 19.

to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.' " *Id.* at 679 (*quoting* Fed. R. Civ. P. 8(a)(2)).

## Analysis

Under FOIA, federal agencies must promptly make records available when the request reasonably describes the records sought and is made in accordance with published rules. *See* 5 U.S.C. § 552(a)(3)(A). Records that are properly requested must be provided in any form or format requested, if it is readily reproducible in that form. *See* 5 U.S.C. § 552(a)(3)(B). The purpose of FOIA is to open government agency action to public scrutiny. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975). Under 5 U.S.C. § 552(a)(4)(B) "federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980).

Absent a description of the documents sought, as well as details of the refusal to turn over the requested information, it is impossible to determine if Carroll has stated a viable claim. It is also impossible for the agencies he has sued to determine when or if his requests were ever received and, if so, whether a search was performed and an answer provided. Carroll appears to be operating under the misguided notion that FOIA is a trap for the unwary federal agency and one need simply make any request, allege no response, and be entitled to relief. Carroll is

wrong. Such a system would not serve the stated purpose of FOIA. Carroll has had both the opportunity and the apparent ability to expand upon his claim and provide the details, but he has failed to do so.[4] Thus, Respondents are correct in their assertion that this Court lacks jurisdiction over Carroll's FOIA claim.

To the extent that Carroll raises new claims regarding mail being withheld from him by prison officials, this Court is also without jurisdiction to consider those claims because Carroll is not incarcerated in Maryland.

The Complaint shall be dismissed and Carroll's motions denied, by separate Order which follows.

\_\_4/24/12\_\_   _____
Date   William D. Quarles, Jr.
United States District Judge

---

[4] Carroll has unsuccessfully attempted to litigate similarly vague claims before. ECF No. 7 at Ex. 1 – 4.